UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KRISTINA GLINES,

      Plaintiff,

      v.

DEPARTMENT OF DEFENSE, et al.,

      Defendants.

Civil Action No. 24-1222 (TSC)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
SUPPLEMENT TO MOTION AND REQUEST FOR DECISION ON
MOTION FOR EMERGENCY PRELIMINARY INJUNCTION**

Defendants, the Department of Defense, the Department of Defense Inspector General ("Inspector General"), Defense Criminal Investigative Service, Defense Counterintelligence and Security Agency ("Counterintelligence Agency"), and Department of the Navy ("Navy") (collectively, "Defendants"), respectfully submit their opposition to the Supplement to Motion and Request for Decision on Motion for Emergency Preliminary Injunction filed by Plaintiff, Kristina Glines (ECF No. 16, "Plaintiff's Motion") in this Freedom of Information Act ("FOIA") matter. As explained in Defendants' opposition to Plaintiff's original motion for preliminary injunction (ECF No. 9), Plaintiff has not met her burden in demonstrating that she is likely to succeed on the merits, that she is at imminent risk of irreparable harm, or that the balance of equities favors entry of an injunction. *See generally*, Def's Opp'n (ECF No. 13).[1]

---

[1]    Defendant's original opposition also demonstrated that Plaintiff is not entitled to an order compelling Defendants to answer Counts 1 to 4 while the Court considers Defendants' pending Motion for Partial Dismissal. *Id.* at 20-21. Defendants incorporate their prior opposition by reference here, as its arguments remain applicable to Plaintiff's renewed request for a preliminary injunction.

Plaintiff's new Motion raises no arguments that alter the calculus with respect to her request for preliminary injunctive relief.  Instead, Plaintiff uses the majority of her new Motion to make substantive arguments about the non-FOIA claims in this matter, which relate to the suspension of Plaintiff's security clearance and are currently the subject of Defendants' Motion for Partial Dismissal (ECF No. 7), which is fully briefed (ECF Nos. 8, 15).  *See*, *e.g.* Pl's Mot. 9 (ECF No. 16) at 11 ("Despite having no written documentation to base these allegations upon, much less the entire investigative file to review, and despite the freshly-written DON OGC opinion that Ms. Glines' job at DON SAPCO did not affect her financial interest in her husband's company, the Director, DON SAPCO still initiated disciplinary action against Ms. Glines on September 30, 2022.").  The only substantive addition to Plaintiff's Motion is a request for discovery based on Plaintiff's assertion that Defendants are withholding documents from her.  *Id.* at 14-16.  For all the reasons stated in Defendants' prior opposition brief (ECF No. 13) and those stated below, Plaintiff's Motion should be denied.

Despite Plaintiff's efforts to obscure the issue, Counts 1 to 4 of the Complaint are generic FOIA and Privacy Act claims and should be treated as such.  As acknowledged by Plaintiff in her Motion, the Navy has been producing records in response to her FOIA requests.  Pl's Mot. 9 (ECF No. 16) at 5.  As demonstrated by the Declaration of Richard Strong ("Strong Decl.") and production letter provided by the Inspector General, filed herewith, Defendants have continued to produce records to Plaintiff.  Strong Decl. ¶¶ 8-10; Ex. 1.[2]  To the extent that Plaintiff does have concerns with respect to the responses of any of the Defendants, the appropriate process would be for Defendants to move for summary judgment, supported by agency affidavits, after the various

---

[2]     As explained in Defendants' prior opposition, the Counterintelligence Agency has completed its productions to Plaintiff.  Def's Opp'n (ECF No. 13) at 1-2; Ex. 1 (ECF No. 13-1); Ex. 2 (ECF No. 13-2).

productions are complete and for Plaintiff to present her challenges in response.  It was Plaintiff's choice to include non-FOIA claims in her Complaint, including a Title VII claim for which this District is not the proper venue, and several constitutional claims that are likely barred by recent D.C. Circuit precedent.[3]  Having done so, however, Plaintiff should not be able to use a preliminary injunction as an end-run around the FOIA response process and motions practice that is standard in this judicial district.

Finally, Plaintiff's request for discovery should be denied.  Defendants have not even finished their productions or had the opportunity to brief the adequacy of their responses and withholdings.  Even if the Parties were at that stage, the D.C. Circuit has repeatedly made clear that "discovery in a FOIA case is rare" and courts should generally order it only "where there is evidence—either at the affidavit stage or (in rarer cases) before—that the agency acted in bad faith in conducting the search." *In re Clinton*, 973 F.3d 106, 113 (D.C. Cir. 2020) (internal quotation marks omitted); *see, e.g., Freedom Watch, Inc. v. NSA*, 783 F.3d 1340, 1345–46 (D.C. Cir. 2015) (holding that "the district court had discretion to forgo discovery" absent "evidence to support [an] allegation" of bad faith (cleaned up)); *Goland v. CIA*, 607 F.2d 339, 355 (D.C. Cir. 1978) (holding that "the district court's grant of summary judgment without discovery was within its discretion" because "plaintiffs ha[d] made no showing of [agency] bad faith"). Discovery is not warranted "when it appears that discovery would only . . . afford [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits." *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981) (affirming discovery denial where plaintiffs failed to raise "substantial questions concerning the substantive content of the [defendants'] affidavits").

---

[3]    Defendants intend to meet and confer with Plaintiff regarding the submission of a notice of supplemental authority regarding the D.C. Circuit's decision in *Lee v. Garland*, No. 20-5221, 2024 WL 4596664, --- F.4th --- (D.C. Cir. Oct. 29, 2024).

Plaintiff's Motion intimates that Defendants have acted in bad faith because she believes that certain records should have been produced to her and disagrees with the decision to suspend her security clearance.  Pl's Mot. (ECF No. 16) at 16.  These allegations—which confuse Plaintiff's FOIA claims with the non-FOIA ones—do not demonstrate the existence of bad faith on the part of Defendants with respect to their responses to Plaintiff's FOIA requests, particularly given that Defendants have not had a formal opportunity to explain their searches and productions.  But even in situations where the Circuit has found an agency's affidavits to be inadequate to support summary judgment in the FOIA context, it has held that the appropriate remedy is usually to allow the agency to "submit further affidavits" rather than to order discovery. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995); *see also Shapiro v. Dep't of Just.*, 40 F.4th 609, 615 (D.C. Cir. 2022) (the district court did not abuse its discretion in denying plaintiff's request for extensive document productions and depositions of FBI personnel). In this case, Plaintiff is simply unable to demonstrate bad faith, making discovery inappropriate. The Court should reject any such request.

*    *    *

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Dated:  January 27, 2025                    Respectfully submitted,
        Washington, DC

                                            EDWARD R. MARTIN, JR., D.C. Bar # 481866
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division

                                            By: _____/s/  Sian Jones_____
                                                SIAN JONES, D.C. Bar # 1024062
                                                Assistant United States Attorney
                                                601 D St., N.W.
                                                Washington, D.C. 20530
                                                (202) 252-2578
                                                Sian.Jones@usdoj.gov


                                            *Attorneys for the United States of America*

5