**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KRISTINA GLINES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-CV-01222 (TSC) |
| | ) |
| | ) |
| DEPARTMENT OF NAVY, et al.    ) | |
| | ) |
| Defendant. | ) |
| | ) |

**<u>DECLARATION OF RICHARD STRONG</u>**

I, RICHARD STRONG, declare as follows:

1.      I am the Director of the Freedom of Information Act, and Privacy Program Office, which reports to the Director, Navy Staff (DNS-(H36)), Office of the Chief of Naval Operations (OPNAV).  I have served in this position since March of 2023.  Prior to this, I was Team Lead for OSD FOID Office, Prior to that I was the Deputy at DNS-H(36) for 5 years.  In total, I have 11 years of experience processing complex Freedom of Information Act requests.

2.      Based on my current position and past experience in DNS-H(36), I am familiar with the procedures followed by the Department of the Navy (DON) in responding to requests for information pursuant to provisions of 5 U.S.C. §552, commonly known as the Freedom of Information Act ("FOIA") and 5 U.S.C. §552a, commonly known as the Privacy Act of 1974 ("PA").

3.      In my current capacity, I administer the agency's policy and programs established pursuant to FOIA/5 U.S.C. §552, and supervise personnel assigned to process FOIA requests.  I also review files prepared in conjunction with those requests, the correspondence related to those

1

requests, searches conducted in response to those requests, and the preparation of responses to those requests to ensure that determinations to withhold or to release records are made in accordance with the FOIA and SECNAVINST 5720.42G, Department of the Navy FOIA Program.

4.    I have reviewed and am familiar with the subject litigation and the FOIA requests submitted by the Plaintiff, Kristina Glines ("Plaintiff"), to DON ("Defendant"), in this case.

5.    The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by DON in the ordinary course of business, information provided to me in my official capacity, and on conclusions and determinations reached and made in accordance therewith.

**Current Processing of Plaintiff's FOIA Requests**

6.    I incorporate by reference the previous information provided in my Declaration submitted on 07/19/2024.  I submit the below information as a supplement to that information.

7.    The DON has, and continues to make, every effort to expeditiously locate and process all records which are responsive to FOIA request case number 2024-NavyFOIA-000706 submitted through the DNS FOIA Portal from Robert Sander, on behalf of his client Kristina Glines (Plaintiff).

8.    Thus far, the DON has made two interim releases to the plaintiff.  The first interim release was on 09/03/204 and consisted of 152 documents and 1,211 pages.  Exhibit A, attached hereto. The second interim release was on 12/03/2024 and consisted of 182 documents and 502 pages.  Exhibit B, attached hereto. Thus, to date, the DON's release to the plaintiff is 334 documents, totaling 1,713 pages.

9.    The DON estimates that there are 1,710 pages remaining for review and processing before release to the plaintiff.

10.    The DON anticipates its third interim release to be on 1/28/2025, barring any unforeseen issues. It will consist of 98 documents, totaling 514 pages.  We estimate there are approximately 1,196 pages remaining after this release.

11.    While the DON is expeditiously reviewing and processing the records, there may be some additional delay due to further component review and potential consultations.

Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.  Signed this ___ day of ____, 2024.

*R. Strong*

_____
Richard Strong
Director
SECNAV/CNO FOPIA & Privacy Office
DNS-H(36)
1013 O St SE, Suite 311A
Washington Navy Yard, DC 20374-5044

# EXHIBIT A



**DEPARTMENT OF THE NAVY**
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON DC  20350-2000

5720
Ser DNS-H(36)
RS/24U113727
September 3, 2024

Sent via email to: rsander@sandergroup.org

Mr. Robert J. Sander
The Sander Group
6618 Saint Mark Court
Alexandria, VA 22306

Dear Mr. Sander:

   This is an interim response to your Freedom of Information Act (FOIA)/Privacy Act (PA) original request dated November 17, 2023, was received in this office the same day, and was assigned case number 2024-NavyFOIA-000706.

   Please note, we received an email from you dated May 2, 2024, in which you amended your request for item (g) of your original request.

   In the course of processing your FOIA request, our office conducted a search for applicable records, therefore, we contacted the following offices to conduct a search of their hardcopy and electronic files: The Naval Inspector General (NAVIG), Office of Civilian & Human Resources (OCHR), Assistant Secretary of the Navy (Manpower and Reserve Affairs) Equal Employment Opportunity (ASN M&RA EEO), Special Programs Office (SSO), Chief of Naval Operations Personnel Security DNS-34, Naval Criminal Investigative Services (NICS), Navy Engineering Logistics Office (NELO), Special Programs Office (OPNAV N9SP), Chief of Naval Operations, Office of General Counsel (OGC), Department of Defense Office of Inspector General (DoD OIG).

   The search for applicable records revealed 152 responsive documents totaling 1,211 pages which are responsive to your request. After a review of the responsive documents, it has been determined that portions of 103 of the 152 documents are exempt from disclosure under 5 U.S.C. § 552.

- 5 U.S.C. § 552 (b)(1), information compilations of items of information that are individually unclassified may be classified if the compiled information reveals an additional association or relationship, as specifically authorized under the criteria established by Executive order 13526, Section 1.7 (e).

- 5 U.S.C. § 552 (b)(3) 10 U.S.C. § 130b: any member of the armed forces assigned to an overseas unit, a sensitive unit, or a routinely deployable unit; and
any employee of the Department of Defense or of the Coast Guard whose duty station is with any such unit.

- 5 U.S.C. app 107(a): To protect confidential financial disclosure reports, in such form as the supervising ethics office may prescribe. Any information required to be provided by an individual under this subsection shall be confidential and shall not be disclosed to the public.

- 5 U.S.C. § 552 (b)(5) concerns confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. In this instance the document contains communications between attorneys and their clients which would be confidential material and without this exemption the assurance of confidentiality between the attorney/client relationship would be permanently damaged. This privilege is to encourage full and frank communication between the attorney and their clients.

- 5 U.S.C. § 552 (b)(6), information in personnel and medical files, as well as similar personal information in other files, that, if disclosed to a requester other than the person about whom the information pertains, would result in a clearly unwarranted invasion of personal privacy. There is no discretion regarding its release.

In addition, 49 of the 152 documents are being released in full pursuant to the FOIA/PA.

Please be advised that we are in the process of reviewing additional documents for responsiveness and duplicative, once the review has been completed, you will receive an official correspondence regarding the FOIA/PA release.

Furthermore, our search revealed another 1 document totaling 28 pages, we consulted the review of the document with the Defense of Defense, Office of Inspector General (DoD OIG) as they are the originator of the document, and DoD OIG FOIA Office advised that they had previously received a similar FOIA request from you. The DoD OIG advised that in a response letter dated March 29, 2024, they responded to your request and provided the redacted document. Therefore, no further action was taken by this office regarding that document.

Since your FOIA request is in litigation, no appeals rights were given for this case.

We understand the importance of timely responses to FOIA requests and apologize for any inconvenience this delay may cause. Thank you, again, for your patience.

2

Please direct questions to the FOIA Service Center by phone (202) 685-0412 or send via email usn.ncr.dns.mbx.don-foia-pa@us.navy.mil.

Sincerely,

R. STRONG
Director
NAVY FOIA/PA Program Office

Enclosures:
1 through 152

3

# EXHIBIT B



**DEPARTMENT OF THE NAVY**
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON DC  20350-2000

5720
Ser DNS-H(36)
RS/24U114144
December 3, 2024

Sent via email to: rsander@sandergroup.org

Mr. Robert J. Sander
The Sander Group
6618 Saint Mark Court
Alexandria, VA 22306

Dear Mr. Sander:

 This is the 2nd interim response to your Freedom of Information Act (FOIA)/Privacy Act (PA) original request dated November 17, 2023, and your amended request on May 2, 2024, were received in this office the same day, and was assigned case number 2024-NavyFOIA-000706.

 As you were previously apprised in a correspondence dated September 3, 2024, this office released to you 152 documents totaling 1,211 pages which were responsive to your request, and you were advised that we were continuing the review of additional documents for responsiveness and duplicative.

 Please be advised that we have completed the search and review of an additional 182 responsive documents totaling 502 pages which are responsive to your request. After a review of the responsive documents, it has been determined that portions of 164 of 182 documents are exempt from disclosure under 5 U.S.C. § 552.

- 5 U.S.C. § 552 (b)(5), information concerning confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. In this instance the document contains communications between attorneys and their clients which would be confidential material and without this exemption the assurance of confidentiality between the attorney/client relationship would be permanently damaged. This privilege is to encourage full and frank communication between the attorney and their clients

- 5 U.S.C. § 552 (b)(6), information in personnel and medical files, as well as similar personal information in other files, that, if disclosed to a requester other than the person about whom the information pertains, would result in a clearly unwarranted invasion of personal privacy.  There is no discretion regarding its release.

Additionally, it was determined that 18 of the 182 documents are withheld in full pursuant to the 5 U.S.C. § 552.

- 5 U.S.C. § 552 (b)(5), information concerning internal documents which are part of the decision-making process and contain subjective evaluations, opinions, recommendations, and other deliberative and pre-decisional material.  In this instance, information is withheld to prevent injury to the quality of agency decisions and encourage open, frank discussions on matters of policy between subordinates and superiors.

- 5 U.S.C. § 552 (b)(6), information in personnel and medical files, as well as similar personal information in other files, that, if disclosed to a requester other than the person about whom the information pertains, would result in a clearly unwarranted invasion of personal privacy.  There is no discretion regarding its release.

Furthermore, please be advised that while processing case tracking number 2024-NavyFOIA-000706 it was discovered that our office received an identical request, and it was assigned case tracking number DON-NAVY-2024-000756. Therefore, we are closing case tracking number DON-NAVY-2024-000756 as a duplicate request and we will continue to process your request under case tracking number 2024-NavyFOIA-000706.

Please note that we are in the process of reviewing additional documents for responsiveness and duplicative, and we are coordinating with other agencies to review additional documents, once the review has been completed, you will receive an official correspondence regarding the FOIA/PA release.

Since your FOIA request is in litigation, no appeals rights were given for this case.

We understand the importance of timely responses to FOIA requests and apologize for any inconvenience this delay may cause.  Thank you, again, for your patience.

Please direct questions to the FOIA Service Center by phone (202) 685-0412 or send via email usn.ncr.dns.mbx.don-foia-pa@us.navy.mil.

Sincerely,

*R. Strong*
R. STRONG
Director
NAVY FOIA/PA Program Office

Enclosures:
Documents (182) 153-334